UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JEREMIAH ALAN LADD,

                Plaintiff,

     -against-                              5:13-CV-0236 (LEK/ATB)

COMMISSIONER OF SOCIAL
SECURITY,

                Defendant.

## DECISION and ORDER

This matter comes before the Court following a Report-Recommendation filed on April 3, 2014, by United States Magistrate Judge Andrew T. Baxter, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(d). Dkt. No. 18 ("Report-Recommendation"). Plaintiff Jeremiah Alan Ladd ("Plaintiff") timely filed Objections. Dkt. No. 19 ("Objections"). For the following reasons, the Report-Recommendation is adopted in its entirety, and the case is dismissed.

When a party makes a timely objection to a Report-Recommendation, it is the duty of the Court to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b). Where, however, an objecting "party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." Farid v. Bouey, 554 F. Supp. 2d 301, 307 (N.D.N.Y. 2008) (quoting McAllan v. Von Essen, 517 F. Supp. 2d 672, 679 (S.D.N.Y. 2007)) (citations omitted); see also Brown v. Peters, No. 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997). "A [district] judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C.

§ 636(b).

Plaintiff raises three arguments as to the Administrative Law Judge's ("ALJ") application of the "treating physician rule." See Objs. at 1. First, Plaintiff argues that, in rejecting Dr. Magsino's opinion, the ALJ claimed to have relied on contradictory "medical evidence," but in fact only considered Plaintiff's alleged activities. Id. Plaintiff asserts that a treating physician's opinion is entitled to controlling weight, unless it is "not supported by and [is] inconsistent with other medical evidence in the file." Id. at 2. However, Plaintiff is incorrect. As noted in the Report-Recommendation, the governing standard is whether "the treating physician's opinion is contradicted by *other substantial evidence*." Report-Rec. at 8 (citing Halloran v. Barnhart, 362 F.3d 28, 32 (2d Cir. 1999) and 20 C.F.R. §§ 404.1527(c)(2); 146.927(c)(2)) (emphasis added). Thus, the ALJ's determination as to the weight given the treating physician's opinion need not be based exclusively on medical evidence. See id.

Applying that standard, Judge Baxter found, and the Court agrees, that the treating physician's opinion was contradicted by other substantial evidence. Report-Rec. at 11-12. Specifically, Dr. Magsino concluded that Plaintiff's mobility was severely impaired due to fibromyalgia, and, as a result, he was physically unable to work.[1] See id. at 11. However, Plaintiff admitted to "trying out for the police academy, riding snowmobiles, and working as a security guard," while purportedly suffering from this disability. Id. at 12. Therefore, Dr. Magsino's opinion was contradicted by other substantial evidence on the record, and the ALJ was not required to give her opinion controlling weight. See Halloran, 362 F.3d at 32. Accordingly, Plaintiff's first

---

[1] Because of the length of Dr. Magsino's opinion, it will not be restated fully herein. For a complete restatement, reference is made to the Report-Recommendation and Plaintiff's Brief. Report-Rec. at 11; Dkt. No. 14 ("Plaintiff's Brief").

2

objection fails.

Plaintiff's second argument is that the ALJ erred in concluding that Dr. Magsino's opinion was inconsistent with her own treatment notes. Objs. at 1. Plaintiff asserts that, in reference to Dr. Magsino's diagnosis of Plaintiff's fibromyalgia, "the ALJ is effectively requiring 'objective' evidence for a disease that eludes such measurement.'" Objs. at 2 (quoting Green-Younger v. Barnhart, 335 F.3d 99, 108 (2d Cir. 2003). However, Plaintiff is misguided. Judge Baxter notes that "while it is true that in 2011, Plaintiff was diagnosed with fibromyalgia by Dr. Magsino, a review of her contemporaneous progress notes show that notwithstanding the appropriate tender points, on October 19, 2011, Plaintiff's joints had full range of motion except for his right shoulder." Report-Rec. at 18 (citation omitted). Dr. Magsino also reported that Plaintiff could "lift and carry up to 50 pounds occasionally and 20 pounds frequently" and "frequently climb stairs." Report-Rec. at 19. Thus, the ALJ did not require "objective" evidence of Plaintiff's condition, but rather found that Dr. Magsino's opinion as to Plaintiff's impaired mobility was inconsistent with her own treatment notes. See id. Therefore, Plaintiff's second objection fails.

Third, Plaintiff argues that the ALJ erroneously gave less weight to Dr. Magsino's opinion because she had only met with Plaintiff twice, even though the consultative examiner had only met with Plaintiff once. Objs. at 1. However, as Judge Baxter notes, that Dr. Magsino met with Plaintiff only twice was merely one factor in determining that her opinion was not entitled to controlling weight. Report-Rec. at 12-13. In fact, the ALJ noted the "short length, nature, and [in]frequency of the treating relationship." Id. at 12. Although Plaintiff's alleged disability formed in 2005, he did not meet with Dr. Magsino until June 2011. Id. at 13. Further, Plaintiff had been receiving frequent and continuous medical treatment over the past six years; yet none of Plaintiff's

3

previous treating physicians diagnosed him with fibromyalgia. Id. Even so, the ALJ accepted Dr. Magsino's diagnosis of fibromyalgia. Id. at 13, n.6. However, as stated *supra*, because Dr. Magsino's opinion was not supported by other substantial evidence on the record and was inconsistent with her own treatment notes, the ALJ gave her opinion less weight as to the asserted limitations on Plaintiff's activities. Id. at 13. Therefore, the ALJ did not give Dr. Magsino's opinion less weight solely because she only met with Plaintiff twice, but rather he properly considered a number of factors in making his determination. Accordingly, Plaintiff's third objection also fails.[2]

Finally, the Court has reviewed the remainder of the Report-Recommendation for clear error because it was not objected to. Having found no such error, the Court adopts the remainder of the Report-Recommendation.

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 18) is **APPROVED** and **ADOPTED in its entirety**; and it is further

**ORDERED**, that the Commissioner's decision is **AFFIRMED**; and it is further

**ORDERED**, that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED with prejudice**; and it is further

**ORDERED**, that the Clerk of the Court close this case; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order on all

---

[2] Plaintiff also argues that the consultative examiner's conclusions as to Plaintiff's limitations are "vague" and are therefore not entitled to controlling weight. Objs. at 4. To the contrary, the Report-Recommendation shows that the consultative examiner provided an extensive, specific list of Plaintiff's limitations. Report-Rec. at 12.

parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:    June 19, 2014
          Albany, NY

_____
Lawrence E. Kahn
U.S. District Judge